Filed: 4/29/2024 4:34 PM
Clerk
Allen County, Indiana
KS

| | | |
|---|---|---|
| STATE OF INDIANA ) | | IN THE ALLEN SUPERIOR COURT |
| ) SS: | | |
| COUNTY OF ALLEN ) | | CAUSE NO. 02D03-2404-CT-000291 |

SEDRICK EPPERSON,  )
)
　　　　Plaintiff,  )
)
v.  )
)
)
DANA LIGHT AXLE PRODUCTS, LLC,  )
)
　　　　Defendant.  )

## AMENDED COMPLAINT

The Plaintiff, by counsel, alleges against the Defendant as follows:

1. The Plaintiff is Sedrick Epperson, a qualified employee of Defendant who at all times material to this Charge performed within his employer's reasonable expectations. Plaintiff alleges he was retaliated against for refusing to follow orders that would result in discrimination/retaliation against a subordinate who filed a Charge of Discrimination, in violation of his protected rights pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII").

2. Defendant is Dana Light Axle Products, LLC, a company doing business at 2100 W State Blvd., Fort Wayne, IN, 46808. Defendant is an "employer" for the purposes of Title VII.

3. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on September 26, 2023, Charge No. 470-2024-00454, a copy of which is attached hereto, incorporated herein, and made a

1

part hereof as "Ex. A." The EEOC issued its Determination and Notice of Rights on January 31, 2024, a copy of which is attached hereto and made a part hereof as "Ex. B." All jurisdictional prerequisites have been met, and all administrative remedies have been exhausted for the filing of this lawsuit.

4. Plaintiff worked for Defendant from October 24, 2022, until his termination on August 25, 2023. At the time of separation from employment Plaintiff's job title was Material Supervisor.

5. On or about August 1, 2023, Plaintiff was notified by Ron Smith (Plaintiff's supervisor) that, there was a "problem on his shift, and that he needed him to take care of it." Plaintiff asked if he was "talking about Jamira and if so, the Union would be all over him for this". Another supervisor, Shannon Gill, wanted a female employee by the name of "Jamira" terminated. Gill had been inquiring about this female employee's record of write-ups and looking for a reason to have her terminated. Gill had also allegedly been targeting her in an attempt to have her terminated. Smith indicated he would back up Gill and also wanted this employee terminated.

6. Not long after this conversation, the female employee, Jamira Sanders, filed a Charge of Discrimination alleging that Gill had been subjecting her to harassment and discrimination. Defendant received notice of the Charge on or about August 14, 2023, as well as a litigation hold.

7. By information and belief, Gill, as well as other supervisors, were made aware of the Charge of Discrimination filed by Jamira, on August 14, 2023.

2

8. On August 15, 2023, Gill asked Plaintiff to write up Jamira for alleged "intimidation," for an alleged incident that occurred over the previous weekend, that Plaintiff had not witnessed and had heard nothing about, except from Gill. Plaintiff refused to write Jamira up, as there was no evidence that anything improper had occurred. Plaintiff went to HR and asked Sara, "why do I have to write her up when I was not there." Plaintiff was then forced to write up Jamira Sanders.

9. Later the same day, August 15, 2023, Plaintiff was called in to Plant Manager John Boone's office, to discuss the pending Charge. Plaintiff told Boone that he would not lie during the investigation about what had occurred between Gill and Jamira, to which Boone responded, "okay then, tell the truth." Plaintiff further told Boone that Gill needed to back off Jamira and stop harassing her.

10. On August 25, 2023, just ten days later, Plaintiff's employment was terminated by Defendant for allegedly "spending too much time in his office." Plaintiff had no write ups, discipline, or performance improvement plans related to his job performance prior to termination.

11. Plaintiff's typical duties included reading and responding to emails, going over call off logs, managing the coming and going of trucks on five docks, disciplining employees, and other various tasks that required him to utilize his office during his shift. He also was expected to occasionally work on the floor to supervise employees.

3

12. Plaintiff alleges that the proffered reason for his termination was false and pretextual, and in reality, he was retaliatorily terminated for refusing to obey an order to falsely write up an employee for the purpose of discriminating/retaliating against that employee, for refusing to lie during any investigation regarding that employee's Charge of Discrimination, and for opposing the discrimination and retaliation being perpetuated by Gill.

13. The Defendant's retaliatory behavior was the direct and proximate cause of Plaintiff losing his job and job-related benefits, including income, and subjected him to humiliation, embarrassment, emotional distress, and other damages and injuries. Plaintiff seeks compensatory damages, including reasonable attorney fees and costs.

14. Furthermore, Defendant's retaliatory actions were willful, wanton, intentional, knowing, and in reckless disregard of Plaintiff's federally protected right to refuse to engage in discriminatory behavior as well as his intent to tell the truth to the administrative agency investigating complaints of discrimination and retaliation, warranting an imposition of punitive damages.

WHEREFORE, Plaintiff prays for judgment against the Defendant for compensatory damages, punitive damages, reasonable attorney's fees and costs, and for all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

4

Respectfully submitted,

**CLOSE & HITCHCOCK, LLP**


/s/ Jennifer L. Hitchcock
Jennifer L. Hitchcock, #34635-02
116 E. Berry Street, Suite 300
Fort Wayne, IN 46802
Telephone:    (260) 408-6818
E-Mail:          jennifer@closehitchcock.com
Attorney for Plaintiff

5

Filed: 4/29/2024 4:34 PM
Clerk
Allen County, Indiana
KS

EEOC Form 5 (11/09)

EEOC Indianapolis District Office 2023_10_26

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 470-2024-00454 |

**Equal Employment Opportunity Commission**
State or local Agency, if any _____ and EEOC

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Sedrick Epperson | (260) 409-2371 | 1973 |

| Street Address | City, State and ZIP Code |
|---|---|
| 5949 Bunt Drive | Fort Wayne, IN 46816 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Dana Corp. | 50+ | (260) 483-7174 |

| Street Address | City, State and ZIP Code |
|---|---|
| 2100 W State Blvd | Fort Wayne, IN 46808 |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 08/25/23   Latest: 08/25/23

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. The Complainant is Sedrick Epperson, a qualified employee of Respondent who at all times material to this Charge performed within his employer's reasonable expectations. Complainant alleges he was retaliated against for refusing to follow orders that would result in discrimination/retaliation against a subordinate who filed a Charge of Discrimination, in violation of his protected rights pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII").

II. Respondent is Dana Corp., a company doing business at 2100 W State Blvd., Fort Wayne, IN, 46808. Respondent is an "employer" for the purposes of Title VII.

III. Complainant worked for Respondent from October 24, 2022, until his termination on August 25, 2023. At the time of separation from employment Complainant's job title was Material Supervisor.

IV. On or about August 1, 2023, Complainant was notified by Ron Smith (Complainant's supervisor) that, there was a "problem on his shift, and that he needed him to take care of it." Complainant asked if he was "talking about Jamira and if so, the Union would be all over him for this". Another supervisor, Shannon Gill, wanted a female employee by the name of "Jamira" terminated. Gill had been inquiring about this female employee's record of write-ups and looking for a reason to have her terminated. Gill had also allegedly been targeting her in an attempt to have her terminated. Smith indicated he would back up Gill and also wanted this employee terminated.

V. Not long after this conversation, the female employee, Jamira Sanders, filed a Charge of Discrimination alleging that Gill had been subjecting her to harassment and discrimination. Respondent received notice of the Charge on or about August 14, 2023, as well as a litigation hold.

By information and belief, Gill, as well as other supervisors, were made aware of the Charge of Discrimination filed by Jamira, on August 14, 2023.

EXHIBIT A

VII. On August 15, 2023, Gill asked Complainant to write up Jamira for alleged "intimidation," for an alleged incident that occurred over the previous weekend, that Complainant had not witnessed and had heard nothing about, except from Gill. Complainant refused to write Jamira up, as there was no evidence that anything improper had occurred. Complainant went to HR and asked Sara, "why do I have to write her up when I was not there." Complainant was then forced to write up Jamira Sanders.

VIII. Later the same day, August 15, 2023, Complainant was called in to Plant Manager John Boone's office, to discuss the pending Charge. Complainant told Boone that he would not lie during the investigation about what had occurred between Gill and Jamira, to which Boone responded, "okay then, tell the truth." Complainant further told Boone that Gill needed to back off Jamira and stop harassing her.

IX. On August 25, 2023, just ten days later, Complainant's employment was terminated by Respondent for allegedly "spending too much time in his office." Complainant had no write ups, discipline, or performance improvement plans related to his job performance prior to termination.

X. Complainant's typical duties included reading and responding to emails, going over call off logs, managing the coming and going of trucks on five docks, disciplining employees, and other various tasks that required him to utilize his office during his shift. He also was expected to occasionally work on the floor to supervise employees.

XI. Complainant alleges that the proffered reason for his termination was false and pretextual, and in reality, he was retaliatorily terminated for refusing to obey an order to falsely write up an employee for the purpose of discriminating/retaliating against that employee, for refusing to lie during any investigation regarding that employee's Charge of Discrimination, and for opposing the discrimination and retaliation being perpetuated by Gill.

XII. The Respondent's retaliatory behavior was the direct and proximate cause of Complainant losing his job and job-related benefits, including income, and subjected him to humiliation, embarrassment, emotional distress, and other damages and injuries. Complainant seeks compensatory damages, including reasonable attorney fees and costs.

XIII. Furthermore, Respondent's retaliatory actions were willful, wanton, intentional, knowing, and in reckless disregard of Complainant's federally protected right to refuse to engage in discriminatory behavior as well as his intent to tell the truth to the administrative agency investigating complaints of discrimination and retaliation, warranting an imposition of punitive damages.

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

10/26/23   Dedrick Epperson
Date   Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

Dedrick Epperson

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

10/26/2023

LORI KAY KOLB
Seal
Notary Public - State of Indiana
Allen County
My Commission Expires Dec 20, 2024

Filed: 4/29/2024 4:34 PM
Clerk
Allen County, Indiana
KS



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Indianapolis District Office
101 West Ohio St, Suite 1900
Indianapolis, IN 46204
(463) 999-1240
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 01/31/2024

**To:** Sedrick Epperson
5949 Bunt Dr.
Fort Wayne, IN 46816

Charge No: 470-2024-00454

EEOC Representative and email:   Tiffany Jourdan
Enforcement Supervisor
Tiffany.Jourdan@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 470-2024-00454.

On behalf of the Commission,

Digitally Signed By: Michelle Eisele
01/31/2024
Michelle Eisele
District Director

